# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re<br><br>**LORETTA MERRY BOWARD**<br><br>     **Debtor**<br><br>---<br><br>**HAROLD B. MURPHY,**<br>  **as Chapter 7 Trustee,**<br>    **Plaintiff**<br><br>**v.**<br><br>**KRETH, INC., LORETTA MERRY**<br>**BOWARD, and others,**<br>    **Defendants**<br><br>**and**<br><br>**KRETH, INC.,**<br>   **Plaintiff in Cross Claim**<br><br>**v.**<br><br>**LORETTA MERRY BOWARD,**<br>  **Defendant in Cross Claim** | **Chapter 7**<br>**Case No. 03-17995-RS**<br><br><br><br><br><br>**Adversary Proceeding**<br>**No. 05-1030**<br><br>**[NOT FOR PUBLICATION]** |

## MEMORANDUM OF DECISION AND ORDER ON
## MOTION OF LORETTA MERRY BOWARD
## TO DISMISS CROSS-CLAIMS AS TO HER AND FOR SANCTIONS

  This adversary proceeding is before the Court on the motion of the Debtor, Loretta Merry

Boward, as defendant in cross-claim, to dismiss six counts asserted against her by Kreth, Inc.

("Kreth") for failure to state a claim on which relief can be granted.  The same motion also seeks

sanctions against Kreth under 28 U.S.C. § 1927 for vexatiously multiplying these proceedings by

assertion of the counts in question, arguing that those counts were filed with no reasonable

likelihood of success. Kreth opposes both dismissal and sanctions.[1]

## Facts and Procedural History

Within ninety days before the Debtor filed her petition for relief under Chapter 7 of the Bankruptcy Code, Kreth obtained a judgment against her in the amount of $101,128.27 and levied execution thereon; the Debtor transferred her interest in her marital residence to her husband (with whom she was in the midst of divorce proceedings); and her husband sold the residence and, from the proceeds, paid Kreth's claim in full, such that Kreth had no claim against the Debtor as of the date of her bankruptcy filing. One year after the filing, the Chapter 7 Trustee commenced this adversary proceeding, seeking (among other things) to avoid and recover the payment to Kreth as a preferential transfer. Kreth, facing possible disgorgement of the payment it received on its judgment against the Debtor, promptly filed a cross-claim against the Debtor for (a) a determination that its prepetition claim against the Debtor is excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and (a)(6), (b) recovery of the prepetition claims, (c) recovery of Debtor's prepetition fraudulent conveyance of equity in certain real property; and (d) equitable indemnification by the Debtor for any recovery had by the Trustee on his preference count against Kreth. In response to Kreth's cross-claim, the Debtor filed the present motion, seeking dismissal of each count and sanctions against Kreth under 28 U.S.C. § 1927 for asserting them.

On the same day as the Trustee commenced the present adversary proceeding, he also commenced another adversary proceeding (No. 05-1029) in which he objected to the Debtor's

---

[1] After this motion was filed, Kreth reached a settlement with the Plaintiff Chapter 7 Trustee (which settlement the Court has approved) and has indicated that, in view of its settlement, it is prepared to stipulate to withdrawal of the cross-claim against the Debtor without prejudice. However, Kreth has not to date withdrawn its cross-claim.

discharge.  By a series of motions to extend, the time for the Trustee to object to discharge had

been extended to the date of that complaint.  The Trustee's objection to discharge remains

pending, and, accordingly, the Debtor has not yet received a discharge.


**Discussion**

The motion for sanctions is based on the alleged lack of merit of the cross-claim.

Accordingly, the Court will address first the motion to dismiss and then the motion for sanctions.


a.       **Count for Determination of Nondischargeability**

The Debtor contends that the count for determination of the dischargeability of the

prepetition debt must be dismissed for failure to state a claim on which relief may be granted

because it was commenced after the deadline in FED. R. BANKR. P. 4007(c) for filing such

complaints.  Kreth responds that, despite the filing of its cross-claim after expiration of the time

for doing so in Rule 4007(c), its claim for determination of dischargeability should be deemed

timely because Kreth had no claim against the Debtor during the period in which it might timely

have commenced a nondischargeability proceeding; and Kreth filed its cross-claim promptly after

having been served with the Trustee's complaint for avoidance of the payment on its claim.  On

these facts, Kreth contends, the limitations period should be deemed to have been equitably

tolled until the Trustee's assertion of the preference count.

The Court may dismiss for failure to state a claim on which relief may be granted only if

no facts can be proven in support of the count in question that would entitle the plaintiff to relief.

The motion to dismiss raises two issues as to this count:  whether the limitations period in Rule

4007(c) is subject to equitable tolling; and, if so, would the facts alleged, when construed in the

3

light most favorable to Kreth, justify equitable tolling in this instance.

I turn first to the latter issue. According to Kreth's allegations, Kreth had no claim against the Debtor during the period in which it might timely have commenced a nondischargeability proceeding; and Kreth filed its cross-claim promptly after having been served with the Trustee's complaint for avoidance of the payment on its claim. On these facts, which I must accept as true for purposes of this motion, Kreth would be entitled to a determination that the limitations period was tolled until the Trustee asserted its preference count. "The rationale behind the doctrine of equitable tolling is that a statute of limitations should not start running until the plaintiff is aware she may have a cause of action." *In re Higgins*, 270 B.R. 147, 158 (Bankr.S.D.N.Y. 2001). It is difficult to imagine facts on which equitable tolling might be better justified: during the period in which it might timely have filed a complaint for determination of dischargeability, Kreth had no claim on which to seek such a determination, its judgment having been paid in full. Only upon the Trustee's assertion of its preference count did Kreth have cause to believe (1) that its claim against the Debtor might be resurrected and consequently (2) that the dischargeability of its claim against the Debtor might not be moot. Accordingly, Kreth has stated cause for a determination that the limitations period was equitably tolled, provided the limitations period in Rule 4007(c) is subject to equitable tolling at all.

Is the limitations period in Rule 4007(c) subject to equitable tolling? The issue is unsettled, and there is no binding authority on the question in this circuit. See *In re Eaton*, 327 B.R. 79 (Bankr.D. N.H. 2005) (surveying cases and the state of the question and holding that the rule is not subject to equitable tolling). Given this state of the law and the especially compelling facts for tolling that are alleged here (if tolling is permissible at all), the Court will refrain from

4

deciding the issue at this stage of the adversary proceeding and put it off for decision until later, on a fully-developed record.[2]

**b.**    **Counts To Recover Prepetition Claims**

The Debtor contends that the counts for recovery of the prepetition debt should be dismissed for failure to state a claim on which relief can be granted because they too were commenced after expiration of the limitations period in Rule 4007(c).[3] The Court will deny dismissal as to these counts. Rule 4007(c) applies only to complaints to determine the dischargeability of certain debts, but these counts do not seek determinations of dischargeability and therefore are not subject to Rule 4007(c). The Debtor may be arguing that, because the period in Rule 4007(c) has expired, the prepetition debts in question should be deemed dischargeable, and therefore Kreth can no longer prosecute them. If this is the Debtor's argument, then it too must be deferred until later in the adversary proceeding because it is contingent on this Court's ruling on the question of equitable tolling. But even if the equitable tolling argument were resolved in the Debtor's favor, it is not yet clear that the Debtor will receive a discharge at all. Unless and until the Trustee's objection to the Debtor's discharge is finally overruled, the Debtor Court cannot use the discharge as the basis of a Rule 12(b)(6) motion.

---

[2] The Court is also mindful that a pending objection to the Debtor's discharge, if sustained, would render this issue moot.

[3] Kreth holds a prepetition judgment against the Debtor, so the claims in question have apparently already been reduced to judgment. Therefore, it is unclear why Kreth has reasserted these claims in this proceeding.

**c.** **Count for Recovery of Fraudulent Transfers**

Kreth seeks damages against the Debtor on account of her alleged fraudulent transfer of equity in two parcels of real property. The Debtor states that this count fails to state a claim on which relief can be granted because the right to recover property fraudulently transferred by a debtor is vested by 11 U.S.C. § 548 in the Chapter 7 trustee, and therefore Kreth lacks standing to prosecute it.

The Court will deny dismissal as to this count. The right to proceed *under § 548(a) of the Bankruptcy Code* to recover a fraudulent transfer is vested by the language of the section exclusively in "the trustee," 11 U.S.C. § 548(a)(1), but creditors enjoy similar rights under state fraudulent transfer laws.[4] Where a trustee seeks to recover a fraudulent transfer as to which a creditor is also seeking relief under state fraudulent transfer law, an issue of priority arises as between the trustee and the creditor. The issue then presented is one of priority between competing claimants, both of whom have standing.[5] Accordingly, Kreth's fraudulent transfer count does not fail to allege a basis for standing.

**d.**    **Count for Equitable Indemnification**

By its count for "equitable indemnification," Kreth seeks a determination that, if the Trustee recovers from Kreth the payment received by Kreth on its claim against the Debtor, the Debtor shall be liable to Kreth for the amount of that recovery. The Debtor contends that Kreth has not stated cause for equitable indemnification.

----

[4] Kreth has not indicated which law it is proceeding under. For purposes of this motion, I assume it is proceeding under state law.

[5] The present motion, to which the Trustee is not a party, does not raise the priority issue.

Although this count is denominated one for equitable indemnification, it seeks, in essence, a declaration that a nondischargeable liability that was paid prepetition is resurrected when, and to the extent that, the Trustee recovers that payment for the benefit of the estate by avoiding it as a fraudulent or preferential transfer. The Court is satisfied that a prepetition payment to a creditor on a nondischargeable debt is, to the extent later avoided and recovered by a trustee in bankruptcy, a payment that the Debtor may not later interpose in support of the defense of satisfaction. Therefore, without examining the requirements of equitable indemnification as such, the Court holds that this count states a claim on which relief can be granted.

e.      **Debtor's Motion for Sanctions**

The Debtor seeks sanctions against Kreth under 28 U.S.C. § 1927 for vexatiously multiplying these proceedings by asserting the various counts of its cross-claim. On the basis of the above rulings on the Debtor's substantive challenges to Kreth's cross-claim, I find that the cross-claim was well within the bounds of fair and reasonable advocacy, certainly not frivolous or "vexatious." Sanctions will accordingly be denied.

## ORDER

For the reasons set forth above, the Debtor's motion to dismiss and for sanctions is hereby denied. With respect to dismissal of Kreth's count for determination of dischargeability, this order of denial is without prejudice.

Date: _April 12, 2006_        _Robert Somma_

                                   Robert Somma
                                   United States Bankruptcy Judge

cc: David Baker, Esq., for Debtor
     Charles R. Powell, Esq., for Kreth, Inc.
     Andrew Lizotte, Esq., for Trustee
     Ellen Carpenter, Esq., for Clay and Rebecca Wanta
     John F. Drew, Esq., for Michael Boward